**United States District Court**
For the Northern District of California

1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                          NORTHERN DISTRICT OF CALIFORNIA
7
8    ANNIE SITTER,                              No. C-09-5682 EMC
9              Plaintiff,
                                                **COURT'S PROPOSED JURY**
10        v.                                    **INSTRUCTIONS (JUNE 28, 2011)**
11   ASCENT HEALTHCARE SOLUTIONS,
     INC.,
12
               Defendant.
13
     _____/
14
15
16        Attached are the Court's proposed Jury Instructions.  The parties shall meet and confer and
17   attempt to reach agreement on the instructions, taking into account the Court's comments.  They
18   shall submit to the Court agreed upon and disputed instructions per this Court's pretrial order.
19
20        IT IS SO ORDERED.
21
22   Dated:  June 28, 2011
23
24                                              _____
                                                EDWARD M. CHEN
25                                              United States District Judge
26
27
28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. _____**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

or

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1C.


Court Notes:  This instruction is one that the Court has identified (in its case management order) that it will give absent objection?

2

**United States District Court**
For the Northern District of California

1    **INSTRUCTION NO. _____**

2    **CLAIMS AND DEFENSES**

3       To help you follow the evidence, I will give you a brief summary of the positions of the

4    parties:

5       The plaintiff claims that [plaintiff's claims].  The plaintiff has the burden of proving these

6    claims.

7       The defendant denies those claims [and also contends that [defendant's counterclaims and/or

8    affirmative defenses]].  [The defendant has the burden of proof on these [counterclaims and/or

9    affirmative defenses.]]

10       [The plaintiff denies [defendant's counterclaims and/or affirmative defenses].]

11

12    Authority: Ninth Circuit Model Civil Jury Instruction No. 1.2.

13

14    Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

15    The parties should file a proposal with the Court – *i.e.*, a short statement of the case to be read to the

16    jury before the evidence is presented to the jury.

17

18

19

20

21

22

23

24

25

26

27

28

3

**United States District Court**
For the Northern District of California

1   **INSTRUCTION NO. _____**

2   **BURDEN OF PROOF** – **PREPONDERANCE OF THE EVIDENCE**

3        When a party has the burden of proof on any claim [or affirmative defense] by a

4   preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or

5   affirmative defense] is more probably true than not true.

6        You should base your decision on all of the evidence, regardless of which party presented it.

7

8   Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

9

10  Court Notes:  The parties have stipulated to this instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1   **INSTRUCTION NO. \_\_\_\_**

2   **BURDEN OF PROOF** – **CLEAR AND CONVINCING EVIDENCE**

3          When a party has the burden of proving any claim or defense by clear and convincing

4   evidence, it means you must be persuaded by the evidence that the claim or defense is highly

5   probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

6          You should base your decision on all of the evidence, regardless of which party presented it.

7          In this case, the clear-and-convincing burden of proof is applicable only with respect to

8   Instruction No. \_\_\_\_ [punitive damages under state law].

9

10   Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.4.

11

12   Court Notes:  The parties have stipulated to the model instruction.  The Court has modified the

13   model instruction to clarify for the jury that the clear-and-convincing standard has limited

14   applicability in this case.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. ____**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6.


Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

**United States District Court**
For the Northern District of California

1   **INSTRUCTION NO. ____**

2   **WHAT IS NOT EVIDENCE**

3        In reaching your verdict, you may consider only the testimony and exhibits received into

4   evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts

5   are.  I will list them for you:

6   1.        Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.

7   What they have said in their opening statements, [will say in their] closing arguments, and at other

8   times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you

9   remember them differ from the way the lawyers have stated them, your memory of them controls.

10  2.        Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients

11  to object when they believe a question is improper under the rules of evidence. You should not be

12  influenced by the objection or by the court's ruling on it.

13  3.        Testimony that has been excluded or stricken, or that you have been instructed to disregard,

14  is not evidence and must not be considered.  In addition sometimes testimony and exhibits are

15  received only for a limited purpose; when I [give] [have given] a limiting instruction, you must

16  follow it.

17  4.        Anything you may have seen or heard when the court was not in session is not evidence.

18  You are to decide the case solely on the evidence received at the trial.

19

20  Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

21

22  Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

23

24

25

26

27

28

7

**INSTRUCTION NO. _____**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [describe purpose] and for no other purpose.]

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.8.

Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

**United States District Court**
For the Northern District of California

8

1  **INSTRUCTION NO. ____**

2  **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3       Evidence may be direct or circumstantial.

4       Direct evidence is direct proof of a fact, such as testimony by a witness about what that

5  witness personally saw or heard or did.

6       Circumstantial evidence is proof of one or more facts from which you could find another

7  fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may

8  find from that fact that it rained during the night. However, other evidence, such as a turned on

9  garden hose, may provide a different explanation for the presence of water on the sidewalk.

10 Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

11 consider all the evidence in the light of reason, experience, and common sense.

12      You should consider both kinds of evidence. The law makes no distinction between the

13 weight to be given to either direct or circumstantial evidence. It is for you to decide how much

14 weight to give to any evidence.

15

16 Authority: Ninth Circuit Model Civil Jury Instruction No. 1.9.

17

18 Court Notes: This instruction is one that the Court has identified that it will give absent objection.

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

9

1    **INSTRUCTION NO. _____**

2    **PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

3         You may consider the ability of each party to provide evidence.  If a party provided weaker

4    evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

5

6    Authority:  CACI 203.

7

8    Court Notes:  The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. ____**

**FAILURE TO EXPLAIN OR DENY EVIDENCE**

You may consider whether a party failed to explain or deny some unfavorable evidence. Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

Authority:  CACI 205.

Court Notes:  The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. ____**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.11.

Court Notes: This instruction is one that the Court has identified that it will give absent objection. The Court acknowledges that the parties have stipulated instead to CACI 223 but concludes that it is more appropriate to follow the Ninth Circuit model instruction.

**INSTRUCTION NO. _____**

**DISCREPANCIES IN TESTIMONY**

~~Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy pertains to an important matter or only to something trivial.~~

Authority:  BAJI 2.21.

Court Notes:  The parties have stipulated to this instruction.  Although the parties have stipulated to the instruction, the Court shall not give the instruction because its substance is covered by Ninth Circuit Model Civil Jury Instruction No. 1.11 (see above).

United States District Court
For the Northern District of California

13

1    **INSTRUCTION NO. _____**

2    **STATEMENTS OF A PARTY OPPONENT**

3    ~~A party may offer into evidence any oral or written statement made by an opposing party~~

4    ~~outside the courtroom.~~

5    ~~When you evaluate evidence of such a statement, you must consider these questions:~~

6    ~~1.      Do you believe that the party actually made the statement?  If you do not believe that the~~

7    ~~party made the statement, you may not consider the statement at all.~~

8    ~~2.      If you believe that the statement was made, do you believe it was reported accurately?~~

9    ~~You should view testimony about an oral statement made by a party outside the courtroom~~

10   ~~with caution.~~

11

12   Authority:  CACI 212.

13

14   Court Notes:  The parties have stipulated to this instruction.  Although the parties have stipulated to

15   the instruction, the Court shall not give the instruction because its substance is essentially covered

16   by Ninth Circuit Model Civil Jury Instruction No. 1.11 (see above).

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. \_\_\_\_**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.8.

Court Notes:  The parties have stipulated to this instruction.

**INSTRUCTION NO. ____**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.11.

Court Notes:  The parties have stipulated to this instruction.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. ____**

**WILLFUL SUPPRESSION OF EVIDENCE**

~~You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.~~

Authority:  CACI 204.

Court Notes: The plaintiff has proposed the above instruction.  The defendant has objected.  The instruction shall not be given as the plaintiff has not pointed to any evidence that the defendant engaged in willful suppression of evidence.

1    **INSTRUCTION NO. ____**

2    **EXERCISE OF A COMMUNICATION PRIVILEGE**

3    ~~People have a legal right not to disclose what they told their attorney in confidence because~~

4    ~~the law considers this information privileged.  People may exercise this privilege freely and without~~

5    ~~fear of penalty.~~

6    ~~You must not use the fact that a witness exercised this privilege to decide whether he or she~~

7    ~~should be believed.  Indeed, you must not let it affect any of your decisions in this case.~~

8

9    Authority:  CACI 215.

10

11    Court Notes: The parties have stipulated to this instruction.  The Court, however, shall not give the

12    instruction unless, during trial, the privilege is invoked before the jury.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1    **INSTRUCTION NO. \_\_\_\_**

2    **RULING ON OBJECTIONS**

3         There are rules of evidence that control what can be received into evidence.  When a lawyer

4    asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not

5    permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question

6    may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered,

7    and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore

8    the question and must not guess what the answer might have been.

9         Sometimes I may order that evidence be stricken from the record and that you disregard or

10   ignore the evidence.  That means that when you are deciding the case, you must not consider the

11   evidence that I told you to disregard.

12

13   Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.10.

14

15   Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

1    **INSTRUCTION NO. _____**

2    **CONDUCT OF JURY**

3         I will now say a few words about your conduct as jurors.

4         First, keep an open mind throughout the trial, and do not decide what the verdict should be

5    until you and your fellow jurors have completed your deliberations at the end of the case.

6         Second, because you must decide this case based only on the evidence received in the case

7    and on my instructions as to the law that applies, you must not be exposed to any other information

8    about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of

9    the case or unless I tell you otherwise:

10            Do not communicate with anyone in any way and do not let anyone else

11        communicate with you in any way about the merits of the case or anything to do with it.

12        This includes discussing the case in person, in writing, by phone or electronic means, via

13        e-mail, text messaging, or any Internet chat room, blog, Web site or other feature.  This

14        applies to communicating with your fellow jurors until I give you the case for deliberation,

15        and it applies to communicating with everyone else including your family members, your

16        employer, the media or press, and the people involved in the trial, although you may notify

17        your family and your employer that you have been seated as a juror in the case.  But, if you

18        are asked or approached in any way about your jury service or anything about this case, you

19        must respond that you have been ordered not to discuss the matter and to report the contact to

20        the court.

21

22            Because you will receive all the evidence and legal instruction you properly may

23        consider to return a verdict: do not read, watch, or listen to any news or media accounts or

24        commentary about the case or anything to do with it; do not do any research, such as

25        consulting dictionaries, searching the Internet or using other reference materials; and do not

26        make any investigation or in any other way try to learn about the case on your own.

27         The law requires these restrictions to ensure the parties have a fair trial based on the same

28    evidence that each party has had an opportunity to address.  A juror who violates these restrictions

jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.12.

Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

**INSTRUCTION NO. _____**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.13.

Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. _____**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.14.

Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

United States District Court

For the Northern District of California

23

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. _____**

2  **BENCH CONFERENCES AND RECESSES**

3       From time to time during the trial, it [may become] [became] necessary for me to talk with

4  the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

5  [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are]

6  [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant

7  information from you, but to decide how certain evidence is to be treated under the rules of evidence

8  and to avoid confusion and error.

9       Of course, we [will do] [have done] what we [can] [could] to keep the number and length of

10  these conferences to a minimum. I [may] [did] not always grant an attorney's request for a

11  conference.  Do not consider my granting or denying a request for a conference as any indication of

12  my opinion of the case or of what your verdict should be.

13

14  Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.18.

15

16  Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

17

18

19

20

21

22

23

24

25

26

27

28

24

1    **INSTRUCTION NO. _____**

2    **OUTLINE OF TRIAL**

3         Trials proceed in the following way: First, each side may make an opening statement.  An

4    opening statement is not evidence.  It is simply an outline to help you understand what that party

5    expects the evidence will show.  A party is not required to make an opening statement.

6         The plaintiff will then present evidence, and counsel for the defendant may cross-examine.

7    Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

8         After the evidence has been presented, I will instruct you on the law that applies to the case

9    and the attorneys will make closing arguments.

10        After that, you will go to the jury room to deliberate on your verdict.

11

12   Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.19.

13

14   Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. ____**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit _____] [that will be read to you].  You should therefore treat these facts as having been proved.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.2.

Court Notes:  The parties have stipulated to this instruction.  However, the parties have not yet provided the stipulated facts to be communicated to the jury.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. _____**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.1.

Court Notes:  This instruction is one that the Court has identified that it will give absent objection.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. _____**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.2.

Court Notes: This instruction is one that the Court has identified that it will give absent objection.

**INSTRUCTION NO. _____**

**RETURN OF VERDICT**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: Ninth Circuit Model Civil Jury Instruction No. 3.3.

Court Notes: This instruction is one that the Court has identified that it will give absent objection.

**INSTRUCTION NO. ____**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.1.

Court Notes:  The parties have stipulated to this instruction.

**United States District Court**
For the Northern District of California

30

**INSTRUCTION NO. ____**

**AGENT AND PRINCIPAL – DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  The agency agreement may be oral or written.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.4.

Court Notes:  The parties have stipulated to this instruction.

1  **INSTRUCTION NO. \_\_\_\_**

2  **AGENT – SCOPE OF AUTHORITY DEFINED**

3      An agent is acting within the scope of authority if the agent is engaged in the performance of

4  duties which were expressly or impliedly assigned to the agent by the principal.

5

6  Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.5.

7

8  Court Notes:  The parties have stipulated to this instruction.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

1    **INSTRUCTION NO. ____**

2    **ACT OF AGENT IS ACT OF PRINCIPAL – SCOPE OF AUTHORITY NOT IN ISSUE**

3         Any act or omission of an agent within the scope of authority is the act or omission of the

4    principal.

5

6    Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.6.

7

8    Court Notes:  The parties have stipulated to this instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

33

**INSTRUCTION NO. ____**

**PRINCIPAL SUED BUT NOT AGENT – NO ISSUE AS TO AGENCY OR AUTHORITY**

Marcia Moyer was the agent of the defendant, and, therefore, any act or omission of Ms. Moyer was the act or omission of the defendant.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.8.

Court Notes:  The parties have stipulated to this instruction.  Do the parties wish to clarify the relationship of this instruction to the sexual harassment instruction?

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

**INSTRUCTION NO. _____**

**CLAIMS ASSERTED BY PLAINTIFF**

The plaintiff has asserted eleven claims against the defendant.  Most of the claims are claims for employment discrimination.  Employment discrimination can take different forms – *e.g.*, harassment, disparate treatment, disparate impact, and retaliation.

In the instant case, the plaintiff alleges that she was discriminated against on the basis of her sex (*i.e.*, gender) and/or her sexual orientation.  Employment discrimination based on sex is prohibited by federal law, *i.e.*, Title VII.  In addition, employment discrimination based on sex is prohibited by California law, *i.e.*, the Fair Employment and Housing Act ("FEHA").  FEHA, but not Title VII, further prohibits employment discrimination on the basis of sexual orientation.

The following are the specific claims that the plaintiff has asserted:

1.      Quid-pro-quo sexual harassment in violation of Title VII.

2.      Quid-pro-quo sexual harassment in violation of the California Fair Employment and Housing Act ("FEHA").

3.      Sexual harassment in the form of a sexually hostile work environment in violation of Title VII.

4.      Sexual harassment in the form of a sexually hostile work environment based on sex in violation of FEHA.

5.      Failure to prevent sexual harassment in violation of FEHA.

6.      Disparate treatment based on sex in violation of Title VII.

7.      Disparate treatment based on sex in violation of FEHA.

8.      Disparate treatment based on sexual orientation in violation of FEHA.

9.      Retaliation in violation of Title VII.

10.     Retaliation in violation of FEHA.

11.     Intentional infliction of emotional distress.


Authority:  N/A.

1   Court Notes:  The parties have not requested this instruction.  The Court has drafted this instruction

2   so that the jury will have a roadmap.  If the parties do agree to consolidate some of the Title VII and

3   FEHA instructions, then this list will be modified.  The Court urges the parties to either drop parallel

4   claims (*i.e.*, present either Title VII or FEHA claim/instructions on sexual harassment, disparate

5   treatment and retaliation) or stipulate to consolidation of these claims to eliminate any express

6   distinction between state and federal law.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  INSTRUCTION NO. _____

2  **QUID-PRO-QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII – ESSENTIAL**

3  **ELEMENTS**

4

5  Court Notes:  This is one of the claims asserted by the plaintiff in her complaint.  Both parties failed

6  to offer an instruction on quid-pro-quo sexual harassment in violation of Title VII.  However, the

7  parties did stipulate to an instruction on quid-pro-quo sexual harassment in violation of FEHA.  (See

8  below.)  Because the legal standards under Title VII and FEHA appear to be the same for

9  quid-pro-quo sexual harassment, *see Heyne v. Caruso*, 69 F.3d 1475, 1478 (9th Cir. 1995) (stating

10  that, "[i]n order to establish a prima facie case of quid pro quo sexual harassment, a complainant

11  must show that an individual 'explicitly or implicitly conditioned a job, a job benefit, or the absence

12  of a job detriment, upon an employee's acceptance of sexual conduct'"); *see also* 29 C.F.R.

13  §1604.11(a) (defining quid-pro-quo sexual harassment as "[u]nwelcome sexual advances, requests

14  for sexual favors, and other verbal or physical conduct of a sexual nature . . . when (1) submission to

15  such conduct is made either explicitly or implicitly a term or condition of an individual's

16  employment, [or] (2) submission to or rejection of such conduct by an individual is used as the basis

17  for employment decisions affecting such individual"), the parties may wish to use one instruction for

18  both the Title VII claim and the FEHA claim.

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1   **INSTRUCTION NO. ____**

2   **QUID-PRO-QUO SEXUAL HARASSMENT IN VIOLATION OF TITLE VII AND FEHA –**

3   **ESSENTIAL ELEMENTS**

4        The plaintiff claims that the defendant subjected her to sexual harassment.  To establish this

5   claim, the plaintiff must prove all of the following by a preponderance of the evidence:

6   1.       That the plaintiff was an employee of the defendant;

7   2.       That Marcia Moyer made unwanted sexual advances to the plaintiff or engaged in other

8   unwanted verbal or physical conduct of a sexual nature;

9   3.       That job benefits were conditioned, by words or conduct, on the plaintiff's acceptance of Ms.

10   Moyer's sexual advances or conduct, or that employment decisions affecting the plaintiff were made

11   based on her acceptance or rejection of Ms. Moyer's sexual advances or conduct;

12   4.       That at the time of her conduct Ms. Moyer was a supervisor or agent for the defendant;

13   5.       That the plaintiff was harmed; and

14   6.       That Ms. Moyer's conduct was a substantial factor in causing the plaintiff's harm.

15        A substantial factor in causing harm is a factor that a reasonable person would consider to

16   have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be

17   the only cause of the harm.

18        [Conduct is not a substantial factor in causing harm if the same harm would have occurred

19   without that conduct.]

20

21   Authority:  CACI 2520; CACI 430.

22

23   Court Notes:  The parties have stipulated to a quid-pro-quo sexual harassment instruction and a

24   substantial factor instruction.  For purposes of clarity, the Court has combined the two instructions.

25   In addition, the Court has modified the parties' stipulated instruction for quid-pro-quo sexual

26   harassment to clarify that the plaintiff has the burden of proving the above by a preponderance of the

27   evidence.  This approach (*i.e.*, including the burden of proof) is consistent with the Ninth Circuit

28   model instructions.

United States District Court

For the Northern District of California

**INSTRUCTION NO. ____**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT – IN VIOLATION OF TITLE VII – ESSENTIAL ELEMENTS**

The plaintiff seeks damages against the defendant for a sexually hostile work environment while employed by the defendant. In order to establish a sexually hostile work environment, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.       the plaintiff was subjected to sexual advances, requests for sexual conduct, verbal or physical conduct of a sexual nature, or other offensive conduct because of her sex.

2.       the conduct was unwelcome;

3.       the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

4.       the plaintiff perceived the working environment to be abusive or hostile; and

5.       a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile.

        Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.2A.

Court Notes:  The parties have stipulated to an instruction.  The Court has modified the parties' stipulated instruction - more specifically, with respect to element (1) above to reflect the fact that some of the harassment about which the plaintiff complains is not inherently sexual in nature. Because the legal standards for a claim for hostile work environment are largely the same under Title VII and FEHA, the parties may wish to use one instruction for the Title VII and FEHA hostile work environment claims, at least for the essential elements as opposed to affirmative defenses.

United States District Court

For the Northern District of California

1   **INSTRUCTION NO. ____**

2   **SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT** – **IN**

3   **VIOLATION OF TITLE VII - REASONABLE PERSON**

4   ~~The employees must meet both an objective and subjective standard, including whether a~~

5   ~~"reasonable person" would find the conduct offensive. The "totality of the circumstances" must be~~

6   ~~analyzed. The factors include the frequency of the conduct, the severity, whether it was physically~~

7   ~~threatening or humiliating or whether it was a mere offensive utterance, and whether it unreasonably~~

8   ~~interfered with Employee's work performance. The conduct must be extreme: simple teasing,~~

9   ~~offhand comments, and isolated incidents (unless extremely serious) will not amount to~~

10  ~~discriminatory changes in the terms and conditions of employment. The harassment cannot be~~

11  ~~occasional, isolated, sporadic, or trivial.~~

12

13  Court Notes:  The defendant has proposed the above instruction.  The plaintiff has objected.  It is not

14  clear whether the defendant seeks to have this instruction be part of the Title VII instructions, part of

15  the FEHA instructions, or both.  Either way, the instruction should not be included.  It is partially

16  duplicative of existing instructions.  To the extent it is not, it departs too far from the Ninth Circuit

17  model instructions and CACI.

18

19

20

21

22

23

24

25

26

27

28

40

**United States District Court**
For the Northern District of California

1   **INSTRUCTION NO. ____**

2   **SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT** – **IN**

3   **VIOLATION OF TITLE VII** – **HOSTILE WORK ENVIRONMENT CREATED BY**

4   **SUPERVISOR AND AFFIRMATIVE DEFENSE**

5          The plaintiff claims that she was subjected to a sexually hostile work environment by Marcia

6   Moyer, her supervisor.  The defendant denies the plaintiff's claim that she was subjected to a

7   sexually hostile work environment by Ms. Moyer.

8          In addition to denying the plaintiff's claim, the defendant has asserted an affirmative defense.

9   Before you consider this affirmative defense, you must first decide whether plaintiff has proved by a

10  preponderance of the evidence that she suffered a tangible employment action as a result of

11  harassment by the supervisor.

12         If you find that the plaintiff has proved that she suffered a tangible employment action as a

13  result of harassment by the supervisor, you must NOT consider the affirmative defense.

14         If the plaintiff has NOT proved that she suffered a tangible employment action, then you

15  must decide whether the defendant has proved by a preponderance of the evidence each of the

16  following elements of the affirmative defense:

17  1.       the defendant (Ascent Healthcare Solutions, Inc.) exercised reasonable care to prevent and

18  promptly correct the sexually harassing behavior, and

19  2.       the plaintiff unreasonably failed to take advantage of any preventive or corrective

20  opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

21         If the defendant proves these elements, the plaintiff is not entitled to prevail on this claim.

22

23  Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.2B.

24

25  Court Notes:  The parties did not stipulate to an instruction (only the defendant has asked for an

26  instruction) but did stipulate to the instruction below defining tangible employment action.  The

27  instruction on tangible employment action would make no sense without this predicate instruction.

28

The Court has modified the defendant's proposed instruction slightly because there does not appear to be any dispute that Ms. Moyer was the plaintiff's supervisor.

United States District Court

For the Northern District of California

**INSTRUCTION NO. ____**

**SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT – IN VIOLATION OF TITLE VII – "TANGIBLE EMPLOYMENT ACTION" DEFINED**

Tangible employment actions are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, or a significant change in responsibilities.  A tangible employment action occurs when a superior obtains sexual favors from an employee by conditioning continued employment on participation in unwelcome acts.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.4B.

Court Notes:  None.

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. ____**

2  **SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT – IN**

3  **VIOLATION OF FEHA – ESSENTIAL ELEMENTS**

4        The plaintiff claims that she was subjected to harassment based on her gender and sexual

5  orientation at the defendant, causing a hostile or abusive work environment.  To establish this claim,

6  the plaintiff must prove all of the following by a preponderance of the evidence:

7  1.     That the plaintiff was an employee of the defendant;

8  2.     That the plaintiff was subjected to unwanted harassing conduct because she is gay and a

9  woman;

10  3.     That the harassing conduct was severe or pervasive;

11  4.     That a reasonable woman or gay person in the plaintiff's circumstances would have

12  considered the work environment to be hostile or abusive;

13  5.     That the plaintiff considered the work environment to be hostile or abusive;

14  6.     That a supervisor engaged in the conduct;

15  7.     That the plaintiff was harmed; and

16  8.     That the conduct was a substantial factor in causing the plaintiff's harm.

17        Substantial factor is defined above in Instruction No. ____.

18

19  Authority:  CACI 2521A.

20

21  Court Notes:  The plaintiff has proposed an instruction which the Court has modified.  First, the

22  Court has included language on the burden of proof.  Second, the Court has included language on

23  "substantial factor."  Finally, the Court has removed references to a hostile work environment based

24  on sexual orientation because the plaintiff's complaint alleged a hostile work environment based on

25  sex only.

26

27

28

1    **INSTRUCTION NO. _____**

2    **SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT** – **IN**

3    **VIOLATION OF FEHA** – **"HARASSING CONDUCT" EXPLAINED**

4         Harassing conduct may include any of the following:

5    a.      Verbal harassment, such as obscene language, demeaning comments, slurs, or threats, or

6    unwelcome sexually oriented conversation, or

7    b.      Physical harassment, such as unwanted touching, assault, or physical interference with

8    normal work or movement, or

9    c.      Unwanted sexual advances.

10

11   Authority:  CACI 2523.

12

13   Court Notes:  The plaintiff has proposed an instruction.  The Court has modified the instruction.

14   The Court has added to (b) language which is used in CACI 2523 but which was omitted by the

15   plaintiff.  If the parties were to agree to one instruction for the Title VII and FEHA hostile work

16   environment claims, then this instruction would be unnecessary.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. ____**

**SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT – IN**

**VIOLATION OF FEHA – "SEVERE OR PERVASIVE" EXPLAINED**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances. You may consider any or all of the following:

a.      The nature of the conduct;

b.      How often, and over what period of time, the conduct occurred;

c.      The circumstances under which the conduct occurred;

d.      Whether the conduct was physically threatening or humiliating;

e.      The extent to which the conduct unreasonably interfered with an employee's work performance.

Authority:  CACI 2524.

Court Notes:  The parties have stipulated to this instruction.  If the parties were to agree to one instruction for the Title VII and FEHA hostile work environment claims, then this instruction would be unnecessary.

46

**INSTRUCTION NO. _____**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT - IN VIOLATION OF FEHA – "SUPERVISOR" DEFINED**

Marcia Moyer was a supervisor of the defendant if she had the discretion and authority:

a.      To hire, transfer, promote, assign, reward, discipline, or discharge other employees or effectively to recommend any of these actions; or

b.      To direct the plaintiff's daily work activities.


Authority:  CACI 2525.


Court Notes:  The parties have stipulated to this instruction.  However, this instruction should not be necessary – *i.e.*, it does not appear to be disputed that Ms. Moyer was the plaintiff's supervisor, and the instruction should simply say so.

**United States District Court**
For the Northern District of California

1    **INSTRUCTION NO. ____**

2    **SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT** – **IN**

3    **VIOLATION OF FEHA - AFFIRMATIVE DEFENSE** – **AVOIDABLE CONSEQUENCES**

4    **DOCTRINE**

5           The defendant claims that the plaintiff could have avoided some or all of the harm with

6    reasonable effort. To succeed, the defendant must prove all of the following:

7    1.    That the defendant (Ascent Healthcare Solutions, Inc.) took reasonable steps to prevent and

8    correct workplace sexual harassment;

9    2.    That the plaintiff unreasonably failed to use the defendant's harassment complaint

10   procedures/the preventive and corrective measures that the defendant provided; and

11   3.    That the reasonable use of the defendant's procedures would have prevented some or all of

12   the plaintiff's harm.

13          You should consider the reasonableness of the plaintiff's actions in light of the circumstances

14   facing her at the time, including her ability to report the conduct without facing undue risk, expense,

15   or humiliation.

16          If you decide that the defendant has proved this claim, you should not include in your award

17   of damages the amount of damages that the plaintiff could have avoided.

18

19   Authority:  CACI 2526.

20

21   Court Notes:  The parties have stipulated to this instruction.  This affirmative defense is similar to -

22   but not identical - the affirmative defense under Title VII.  Consolidation or elimination of parallel

23   claims will minimize risk of jury confusion.

24

25

26

27

28

48

**INSTRUCTION NO. ____**

**FAILURE TO PREVENT SEXUAL HARASSMENT IN VIOLATION OF FEHA –**

**ESSENTIAL ELEMENTS**

The plaintiff claims that Ascent failed to prevent harassment based on gender.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.      That the plaintiff was an employee of the defendant;

2.      That the plaintiff was subjected to harassing conduct because she is gay and a woman;

3.      That Ascent failed to take reasonable steps to prevent the harassment;

4.      That the plaintiff was harmed; and

5.      That the defendant's failure to take reasonable steps to prevent harassment was a substantial factor in causing the plaintiff's harm.

Substantial factor is defined in Instruction No. ____.


Authority:  CACI 2527.


Court Notes:  The parties have stipulated to an instruction which the Court has modified.  First, the Court has included language on the burden of proof.  Second, the Court has included language on "substantial factor."

**INSTRUCTION NO. _____**

**FAILURE TO PREVENT HARASSMENT IN VIOLATION OF FEHA – INVESTIGATION**

An employer has a duty to take all reasonable steps to prevent sexual harassment in the workplace.  Part of that duty is a responsibility to conduct an effective investigation of the plaintiff's sexual harassment complaint.  If you find that the defendant's failure to conduct an investigation substantially contributed to the plaintiff's injuries, including emotional distress or physical illness, then you should award damages to the plaintiff to compensate her for that injury.

Court Notes:  This is an instruction that the plaintiff specially drafted.  The defendant has objected on the basis that it is duplicative.  The Court agrees.  The above instruction on failure to prevent harassment is sufficient.

United States District Court

For the Northern District of California

**INSTRUCTION NO. ____**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT – IN**

**VIOLATION OF FEHA – AFFIRMATIVE DEFENSE – PROMPT CORRECTIVE ACTION**

Once an employer is informed of the alleged [sexual] harassment, the employer must take immediate and appropriate corrective action.  They consist in 1) taking temporary steps to deal with the situation while the employer conducts an investigation to determine whether the complaint is justified, and if so justified, 2) implementing permanent remedial steps to prevent future harassment once the investigation is completed.

While an investigation is being initiated and conducted the employer must take steps to protect the complaining employee from further harassment even where a complaint is uncorroborated or where the coworker denies the harassment.

An employer has wide discretion in choosing how to minimize contact between the two employees, so long as the employer acts to stop the [purported] harassment.  The reasonableness of any remedy will depend on an employer's ability to stop harassment by the person[s] who engaged in the harassment.


Authority:  BAJI 12.05.1.


Court Notes:  The defendant has proposed the above instruction.  The Court assumes that it has been offered as a part of the instructions for the claim for failure to prevent harassment.

1  **INSTRUCTION NO. ____**

2  **DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF TITLE VII**

3        The plaintiff has brought a claim of employment discrimination against the defendant. The

4  plaintiff claims that her gender ~~or her sexual orientation~~ was either the sole reason or a motivating

5  factor for the defendant's decision to not promote or to bully and harass the plaintiff. The defendant

6  denies that the plaintiff's sex was either the sole reason or a motivating factor for the defendant's

7  decision not to promote the plaintiff, or to bully and harass her.

8

9  Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.1A.

10

11  Court Notes:  The parties have stipulated to an instruction which the Court has modified.  More

12  specifically, the Court has removed the reference to sexual orientation because Title VII does not

13  protect against discrimination on the basis of sexual orientation.  The parties may wise to use one

14  instruction for both the Title VII and FEHA disparate treatment claims.  If so, then the instruction

15  would need to refer to both sex and sexual orientation since FEHA does protect against disparate

16  treatment on the basis of sexual orientation.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. \_\_\_\_**

**DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF TITLE VII – "ADVERSE EMPLOYMENT ACTION" DEFINED**

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.4A.2.

Court Notes:  The plaintiff has proposed the above instruction.  The defendant claims that the instruction is not applicable.  The instruction is applicable to the extent that the plaintiff has asserted a claim for disparate treatment.

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. ____**

2  **DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF TITLE VII –**

3  **AFFIRMATIVE DEFENSE – MIXED MOTIVE**

4  ~~If you find that the employer's action, which is the subject of plaintiff's claim, was actually~~

5  ~~motivated by both discriminatory and non-discriminatory reasons, the employer is not liable if it can~~

6  ~~establish by a preponderance of the evidence that its legitimate reason, standing alone, would have~~

7  ~~induced it to make the same decision.~~

8  ~~An employer may not, however, prevail in a mixed-motives case by offering a legitimate and~~

9  ~~sufficient reason for its decision if that reason did not motivate it at the time of the decision. Neither~~

10  ~~may an employer meet its burden by merely showing that at the time of the decision it was~~

11  ~~motivated only in part by a legitimate reason. The essential premise of this defense is that a~~

12  ~~legitimate reason was present, and standing alone, would have induced the employer to make the~~

13  ~~same decision.~~

14

15  Authority: BAJI 12.26.

16

17  Court Notes: The defendant has offered the above instruction. It is not clear whether the defendant

18  is offering the instruction for the Title VII disparate treatment claim, the FEHA disparate treatment

19  claim, or both. It is not clear whether the plaintiff objects to the instruction and, if so, why.

20  To the extent the defendant asks for the instruction to be given for the Title VII claim, the

21  Court notes that there is a mixed motives instruction in the Ninth Circuit Model Instructions - i.e.,

22  No. 10.1C ("motivating factor"). The Court believes the Ninth Circuit instruction is clearer. It

23  provides as follows:

24  As to the plaintiff's claim that her sex was a motivating factor for the defendant's decision to

25  [[discharge] [not hire] [not promote] [demote] [state other adverse action]] her, the plaintiff has the

26  burden of proving both of the following elements by a preponderance of the evidence:

27  1.      the plaintiff was [[discharged] [not hired] [not promoted] [demoted] [state other adverse

28  action]] by the defendant; and

1    2.    the plaintiff's sex was a motivating factor in the defendant's decision to [[discharge] [not

2    hire] [not promote] [demote] [state other adverse action]] the plaintiff.

3    [If you find that the plaintiff has proved both of these elements, your verdict should be for the

4    plaintiff. If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict

5    should be for the defendant.]

6         [Or, if "same decision" affirmative defense applies, add the following, and omit the

7    bracketed paragraph above:]

8         [If you find that the plaintiff has failed to prove either of these elements, your verdict should

9    be for the defendant.  If the plaintiff has proved both of these elements, the plaintiff is entitled to

10   your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

11   If, however, the defendant proves by a preponderance of the evidence that the defendant would have

12   made the same decision even if the plaintiff's sex had played no role in the employment decision,

13   your verdict should be for the defendant.]

14        In the comment to Ninth Circuit Model Civil Jury Instruction No. 10.1A, the Ninth Circuit

15   notes that a court may provide either a single motive or a mixed motive instruction.  (The single

16   motive instruction is No. 10.1B; the mixed motive instruction is No. 10.1C.)  "The choice of

17   instruction will depend on the evidence offered at trial."  Ninth Circuit Model Civil Jury Instruction

18   No. 10.1A, comment.  "'[A]fter hearing both parties' evidence, the district court must decide what

19   legal conclusions the evidence could reasonably support and instruct the jury accordingly.'"  *Id.*

20   Accordingly, the Court shall reserve a decision on whether it should give a single motive instruction

21   or a mixed motive instruction.

22

23

24

25

26

27

28

1    **INSTRUCTION NO. ____**

2    **DISPARATE TREATMENT BASED ON SEX IN VIOLATION OF TITLE VII -**

3    **AFFIRMATIVE DEFENSE – AFTER-ACQUIRED EVIDENCE**

4            The defendant contends that the defendant would have made the same decision to

5    [[discharge] [not hire] [not promote] [demote]] the plaintiff because _____[describe

6    the after-discovered misconduct].  If the defendant proves by a preponderance of the evidence that

7    the defendant could have made the same decision and [[would have discharged] [would not have

8    hired] [would not have promoted] [would have demoted]] the plaintiff because of

9    _____[describe the after-acquired evidence], you should limit any award of back pay

10   to the date the employer would have made the decision to [[discharge] [not hire] [not promote]

11   [demote]] the plaintiff as a result of [describe the after-acquired evidence].

12

13   Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.5C.

14

15   Court Notes:  The defendant has proposed the above instruction.  The plaintiff has objected but only

16   on the basis that it is "incomplete."  Whether this instruction will be given depends on what

17   evidence will be presented at trial.  The parties should agree upon the form of the instruction.

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. ____**

**DISPARATE TREATMENT BASED ON SEX OR SEXUAL ORIENTATION IN**

**VIOLATION OF FEHA – ESSENTIAL ELEMENTS**

The plaintiff claims that the defendant wrongfully discriminated against her.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.      That the defendant was an employer;

2.      That the plaintiff was an employee of the defendant;

3.      That the defendant refused to promote the plaintiff;

4.      That the plaintiff's gender or sexual orientation was a motivating reason for the refusal to promote;

5.      That the plaintiff was harmed; and

6.      That the refusal to promote was a substantial factor in causing the plaintiff's harm.

Authority:  CACI 2500.

Court Notes:  The plaintiff has proposed an instruction which the Court has modified to clarify what the burden of proof is.  The defendant has objected on the basis "not applicable."  It is not clear what the defendant means.  The plaintiff raised a disparate treatment claim in her complaint.  If the parties do not agree to a combined Title VII/FEHA instruction, then the parties will need to address whether to include BAJI 12.26 (see above) on mixed motive for the FEHA claim.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. \_\_\_\_**

**RETALIATION IN VIOLATION OF TITLE VII – ESSENTIAL ELEMENTS**

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.       the plaintiff engaged in or was engaging in an activity protected under federal law, that is, protesting sexual harassment;

2.       the employer subjected the plaintiff to an adverse employment action, that is, issuing two disciplinary letters, delaying and then denying a promotion to territory manager; and then taking the plaintiff off company e-mail when she had to take a medical leave; and

3.       the plaintiff was subjected to the adverse employment action because of her protesting sexual harassment.

If you find that the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.3.

Court Notes:  The parties have stipulated to this instruction.  The above instruction includes one small modification – *i.e.*, to specify that the harassment at issue is sexual harassment.  Again, the parties should discuss eliminating parallel state/federal claims.

58

**INSTRUCTION NO. _____**

**RETALIATION IN VIOLATION OF TITLE VII – "ADVERSE EMPLOYMENT ACTION"**

**DEFINED**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 10.4A.1.

Court Notes:  The parties have stipulated to this instruction.

1    **INSTRUCTION NO. _____**

2    **RETALIATION IN VIOLATION OF FEHA – ESSENTIAL ELEMENTS**

3            The plaintiff claims that the defendant retaliated against her for protesting harassment.  To

4    establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

5    1.      That the plaintiff complained about Marcia Moyer's harassment.

6    2.      That the defendant took adverse employment action against the plaintiff by issuing two

7    disciplinary letters, delaying and then denying a promotion to territory manager, and then taking

8    plaintiff off company e-mail when she had to take a medical leave, or that the defendant engaged in

9    conduct that, taken as a whole, materially and adversely affected the terms and conditions of the

10   plaintiff's employment;

11   3.      That the plaintiff's complaints were a motivating reason for the defendant's decisions to

12   issue two disciplinary letters, to delay and deny a promotion to territory manager, and to take the

13   plaintiff off company e-mail when she had to take a medical leave;

14   4.      That the plaintiff was harmed; and

15   5.      That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

16           For this instruction, "adverse employment action" means treatment that materially affects the

17   terms and conditions of employment.  An adverse employment action is not limited to "ultimate"

18   employment acts, such as hiring, firing, demotion or failure to promote, but also includes the entire

19   spectrum of employment actions that are reasonably likely to adversely and materially affect an

20   employee's job performance or opportunity for career advancement.

21

22   Authority:  CACI 2505.

23

24   Court Notes:  The plaintiff has proposed an instruction which the Court has modified (e.g., as

25   discussed below).  The defendant suggests that, because the Title and FEHA retaliation standards are

26   basically the same, it would probably be better to give one retaliation instruction to the jury.  The

27   parties should consider simplification for the jury against the fact that the FEHA and Title VII

28   claims have slight differences, *i.e.*, (1) it is not clear whether the plaintiff is claiming that she

protested both sexual harassment and harassment on the basis of sexual orientation – Title VII does not cover sexual orientation but FEHA does**; (2)** adverse employment action under FEHA has a different definition than adverse employment action under Title VII.  *See Jones v. The Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1168 (2008) (stating that, "in order to establish either a discrimination or a retaliation claim, 'an employee must demonstrate that he or she has been subjected to an adverse employment action that materially affects the terms, conditions, or privileges of employment . . . .'"); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1306 (2005) (concluding that adverse employment action means "treatment that materially affects the terms and conditions of employment"); *Jones v. Department of Corr. & Rehab.*, 152 Cal. App. 4th 1367, 1380 (2007) (defining adverse employment action as a "'substantial adverse change in the terms and conditions of the plaintiff's employment'"; adding that "an adverse employment action is not limited to 'ultimate' employment acts, such as hiring, firing, demotion or failure to promote, but also includes the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for career advancement").  If separate FEHA and Title VII instructions are maintained, the Court includes as a part of this instruction the definition of adverse employment action for purposes of FEHA – one consistent with *Yanowitz* and *Jones*.

**INSTRUCTION NO. _____**

**RETALIATION IN VIOLATION OF FEHA – "MOTIVATING REASON" EXPLAINED**

  A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

Authority:  CACI 2507.

Court Notes:  The plaintiff has proposed the above instruction.  The defendant claims that BAJI 12.01.1 is "better wording," but since CACI comes from the Judicial Council of California, CACI 2507 should be used.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. _____**

2  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ESSENTIAL ELEMENTS**

3       The plaintiff claims that Ms. Moyer's conduct caused her to suffer severe emotional distress

4  for which the defendant, as Ms. Moyer's employer, is liable.  To establish this claim, the plaintiff

5  must prove all of the following by a preponderance of the evidence:

6  1.      That Ms. Moyer's conduct was outrageous;

7  2.      That Ms. Moyer intended to cause the plaintiff emotional distress or acted with reckless

8  disregard of the probability that the plaintiff would suffer emotional distress, knowing that she was

9  present when the conduct occurred;

10  3.      That the plaintiff suffered severe emotional distress; and

11  4.      That Ms. Moyer's conduct was a substantial factor in causing the plaintiff's severe emotional

12  distress.

13       Substantial factor is defined in Instruction No. _____.

14       If you find each of the above elements, then you should find in favor of the plaintiff on this

15  claim because the defendant is liable for the wrongful conduct of Ms. Moyer, its employee.

16

17  Authority:  CACI 1600.

18

19  Court Notes:  The plaintiff has proposed an instruction which the Court has modified (se below).

20  The defendant claims that the instruction is not applicable, but it is not clear why not.  The plaintiff

21  asserted the claim in her complaint and the defendant never moved to dismiss the claim, either at the

22  pleading or summary judgment stage.

23       The Court has modified the instruction largely to clarify the plaintiff's theory that it was Ms.

24  Moyer's conduct that was outrageous and that the defendant is vicariously liable for Ms. Moyer's

25  actions consistent with the agency instructions given above.  *See Lisa M. v. Henry Mayo Newhall*

26  *Memorial Hosp.*, 12 Cal. 4th 291, 296-97 (1995) (stating that "an employer is vicariously liable for

27  the torts of its employees committed within the scope of the employment"; adding that " an

28  employee's willful, malicious and even criminal torts may fall within the scope of his or her

1    employment for purposes of respondeat superior, even though the employer has not authorized the

2    employee to commit crimes or intentional torts").  The Court urges the parties to consider whether

3    this claim adds anything beyond the other claims.

**INSTRUCTION NO. _____**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "OUTRAGEOUS CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency. Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether the defendant's conduct was outrageous, you may consider, among other factors, the following:

a.       Whether Marcia Moyer abused a position of authority or a relationship that gave her real or apparent power to affect the plaintiff's interests;

b.       Whether Ms. Moyer knew that the plaintiff was particularly vulnerable to emotional distress; and

c.       Whether Ms. Moyer knew that her conduct would likely result in harm due to mental distress.


Authority:  CACI 1602.


Court Notes:  The plaintiff has proposed the above instruction.  The defendant has objected on the basis "not applicable."  The Court intends to give the instruction.

**INSTRUCTION NO. _____**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "RECKLESS DISREGARD"**
**DEFINED**

Marcia Moyer acted with reckless disregard in causing the plaintiff emotional distress if:

1.      Ms. Moyer knew that emotional distress would probably result from her conduct; or

2.      Ms. Moyer gave little or no thought to the probable effects of her conduct.


Authority:  CACI 1603.


Court Notes:  The plaintiff has proposed the above instruction.  The defendant has objected on the basis "not applicable."  The Court intends to give the instruction.

**INSTRUCTION NO. \_\_\_\_**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – "SEVERE EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  The plaintiff is not required to prove physical injury to recover damages for severe emotional distress.

Authority:  CACI 1604.

Court Notes:  The plaintiff has proposed the above instruction.  The defendant has objected on the basis "not applicable."  The Court intends to give the instruction.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. _____**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
- The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;
- The reasonable value of wages, earning capacity, employment, and employment opportunities lost to the present time;
- The reasonable value of wages, earning capacity, employment, and employment opportunities which with reasonable probability will be lost in the future.

The damages claimed by the plaintiff for the harm caused by the defendant fall into two categories called economic damages and noneconomic damages. Economic damages include past and future medical expenses, past and future lost earnings, and lost earning capacity. Noneconomic damages include past and future physical pain, mental suffering, loss of enjoyment of life, stress, anxiety, humiliation, and emotional distress. You will be asked on the verdict form to state the two categories of damages separately.

1    It is for you to determine what damages, if any, have been proved.

2    Your award must be based upon evidence and not upon speculation, guesswork or

3    conjecture.

4

5    Authority:  Ninth Circuit Model Civil Jury Instruction Nos. 5.1 and 5.2; CACI 3902, 3903A, 3903C,

6    3903D, and 3905.

7

8    Court Notes:  The parties have essentially stipulated to the different parts of this instruction.  The

9    Court has simply combined the instructions into one instruction and omitted some language that is

10   unnecessary (*e.g.*, in describing the economic and noneconomic damages) or duplicative.

11   The Court takes note that the defendant has also asked for BAJI 14.60 to be given as an

12   additional instruction.  BAJI 14.60 says, in essence, that speculative damages are not permitted.

13   Because the above instruction covers that territory, the Court sees no need to give BAJI 14.60.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

69

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. _____**

2  **DAMAGES – BACK PAY**

3  ~~If you find for the plaintiff, you must determine the plaintiff's damages. Damages means the~~

4  ~~amount of money that will reasonably and fairly compensate the plaintiff for any loss of pay and~~

5  ~~benefits you find was caused by the discriminatory act of the defendant. You may award the~~

6  ~~following:~~

7  ~~Back Pay:~~

8  ~~Award: Back pay includes any lost pay and employee benefits the plaintiff would have received~~

9  ~~from the date the defendant failed to promote the plaintiff and the date the defendant caused her to~~

10 ~~take medical leave by harassing her to the date of trial.The plaintiff has the burden of proving both~~

11 ~~the existence and the amount of back pay by a preponderance of the evidence.~~

12

13 Authority:  Ninth Circuit Model Civil Jury Instruction No. 11.7A.

14

15 Court Notes:  The plaintiff has proposed the above instruction.  It is not necessary given the

16 instruction above (Ninth Circuit Model Civil Jury Instruction No. 5.2).  Also, the defendant is

17 correct that the above instruction comes from the age discrimination section in the Ninth Circuit

18 Model Instructions.

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. _____**

**DAMAGES – AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

The plaintiff is not entitled to damages for any physical or emotional condition that she had before the defendant's conduct occurred. However, if the plaintiff had a physical or emotional condition that was made worse by the defendant's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

Authority:  CACI 3927.

Court Notes:  The plaintiff has proposed the above instruction.  The defendant has objected on the basis that there is a lack of evidence to support the instruction and a failure to plead.

With respect to the first objection, it is premature.  The Court will decide if evidence at trial warrants it.  As for the second, the defendant has not cited any authority stating that a plaintiff has an obligation to plead aggravation of a preexisting condition or disability.  The defendant does not make any argument that it was not sufficiently put on notice of this theory during discovery.

**INSTRUCTION NO. \_\_\_\_**

**DAMAGES – UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate the plaintiff for all damages caused by the wrongful conduct of the defendant, even if the plaintiff was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Authority:  CACI 3928.

Court Notes:  The plaintiff has proposed the above instruction.  The defendant has objected on the basis that there is a lack of evidence to support the instruction and a failure to plead.

With respect to the first objection, it is premature.  The Court will decide if the evidence at trial warrants it.  As for the second, the defendant has not cited any authority stating that a plaintiff has an obligation to plead aggravation of a preexisting condition or disability.  The defendant does not make any argument that it was not sufficiently put on notice of this theory during discovery.

**INSTRUCTION NO. \_\_\_\_**

**DAMAGES – DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering and disability are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.4.


Court Notes:  The parties have stipulated to this instruction.  Because of this instruction, it is not necessary for the Court to give the following instructions as requested by the plaintiff: CACI 3904A, 3904B, and 3905A.  Moreover, CACI 3904B – use of present-value tables – is problematic here because, as the defendant suggests there is no expert to testify about, e.g., the interest rate that is the most likely rate of return on money invested today over a period of years.

**INSTRUCTION NO. _____**

**DAMAGES – NOMINAL DAMAGES**

      The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.6.

Court Notes:  The parties have stipulated to this instruction.

United States District Court

For the Northern District of California

74

1  **INSTRUCTION NO. ____**

2  **DAMAGES – DAMAGES ON MULTIPLE LEGAL THEORIES**

3       The plaintiff seeks damages from the defendant under more than one legal theory.  However,

4  each item of damages may be awarded only once, regardless of the number of legal theories alleged.

5

6  Authority:  CACI 3934.

7

8  Court Notes:  The parties have stipulated to this instruction.

**INSTRUCTION NO. \_\_\_\_**

**DAMAGES - MITIGATION – GENERALLY**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.3.

Court Notes:  The parties have stipulated to this instruction.  The parties have also stipulated to some CACI instructions on specific kinds of mitigation.  (See below.)

**INSTRUCTION NO. _____**

**DAMAGES – DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS**

The plaintiff is not entitled to recover damages for economic losses that the defendant proves the plaintiff could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1.     Determine the amount the plaintiff would have earned from the job she held at the time she was injured; and

2.     Subtract the amount the plaintiff earned or could have earned by returning to gainful employment.

The resulting amount is the plaintiff's damages for lost earnings.

Authority: CACI 3961.

Court Notes: The parties have stipulated to this instruction.

1   **INSTRUCTION NO. ____**

2   **DAMAGES – DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS**

3       The plaintiff is not entitled to recover damages for future economic losses that the defendant

4   proves the plaintiff will be able to avoid by returning to gainful employment as soon as it is

5   reasonable for her to do so.

6       If you decide that the plaintiff will be able to return to work, then you must not award her

7   any damages for the amount she will be able to earn from future gainful employment. To calculate

8   the amount of damages you must:

9   1.      Determine the amount the plaintiff would have earned from the job she held at the time she

10   was injured; and

11   2.      Subtract the amount the plaintiff is reasonably able to earn from alternate employment.

12       The resulting amount is the plaintiff's damages for future lost earnings.

13

14   Authority:  CACI 3962.

15

16   Court Notes:  The parties have stipulated to this instruction.

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1    INSTRUCTION NO. _____

2    **DAMAGES – PUNITIVE DAMAGES FOR VIOLATION OF TITLE VII**

3         If you find for the plaintiff, you may, but are not required to, award punitive damages. The

4    purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

5    Punitive damages may not be awarded to compensate a plaintiff.

6         The plaintiff has the burden of proving by a preponderance of the evidence that punitive

7    damages should be awarded.  The amount, if any, of punitive damages will be an issue decided later.

8         You may award punitive damages only if you find that the defendant's conduct that harmed

9    the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is

10   malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

11   Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects

12   complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a

13   perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission

14   is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with

15   unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the

16   taking advantage of some weakness or disability or misfortune of the plaintiff.

17        **[**If you find that punitive damages are appropriate, you must use reason in setting the

18   amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

19   should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any

20   punitive damages, consider the degree of reprehensibility of the defendant's conduct, including

21   whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused

22   actual harm or posed a substantial risk of harm to people who are not parties to this case. You may

23   not, however, set the amount of any punitive damages in order to punish the defendant for harm to

24   anyone other than the plaintiff in this case.**]**

25        In addition, you may consider the relationship of any award of punitive damages to any

26   actual harm inflicted on the plaintiff.

27

28   Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.5.

Court Notes:  The parties have stipulated to an instruction, which the Court has modified to indicate that the burden of proof for a Title VII violation is a preponderance of the evidence, not clear and convincing.  *See, e.g., Stender v. Lucky Stores*, 803 F. Supp. 259, 324 (N.D. Cal. 1992) (Patel, J.) (holding such); *see also Parker v. General Extrusions, Inc.*, 491 F.3d 596, 602 (6th Cir. 2007) (same).

If the parties decide to give combined instructions for the Title VII and FEHA claims (e.g., one quid-pro-quo sexual harassment instruction, one hostile work environment sexual harassment instruction), then the parties should not give separate punitive damages instructions (one for federal law, one for state law) and the jury should be instructed on the less stringent federal standard only. Because the Court has bifurcated trial to separate proof of the amount of punitive damages, if applicable, the bracketed language will not be given at the end of the first phase of the trial.

United States District Court

For the Northern District of California

1   **INSTRUCTION NO. \_\_\_\_**

2   **DAMAGES – PUNITIVE DAMAGES FOR VIOLATIONS OF STATE LAW (FEHA AND**

3   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

4   　　　If you decide that Marcia Moyer's conduct caused the plaintiff harm, you must decide

5   whether that conduct justifies an award of punitive damages against the defendant.  The amount, if

6   any, of punitive damages will be an issue decided later.

7   　　　You may award punitive damages against the defendant for Ms. Moyer's conduct only if the

8   plaintiff proves by clear and convincing evidence that Ms. Moyer engaged in that conduct with

9   malice, oppression, or fraud.

10   　　　"Malice" means that Ms. Moyer acted with intent to cause injury or that Ms. Moyer's

11   conduct was despicable and was done with a willful and knowing disregard of the rights or safety of

12   another. A person acts with knowing disregard when he or she is aware of the probable dangerous

13   consequences of his or her conduct and deliberately fails to avoid those consequences.

14   　　　"Oppression" means that Ms. Moyer's conduct was despicable and subjected the plaintiff to

15   cruel and unjust hardship in knowing disregard of her rights.

16   　　　"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked

17   down on and despised by reasonable people.

18   　　　"Fraud" means that Ms. Moyer intentionally misrepresented or concealed a material fact and

19   did so intending to harm the plaintiff.

20   　　　The plaintiff must also prove one of the following by clear and convincing evidence:

21   1.　　That Ms. Moyer was an officer, a director, or a managing agent of the defendant, who was

22   acting on behalf of the defendant; or

23   2.　　That an officer, a director, or a managing agent of the defendant had advance knowledge of

24   the unfitness of Ms. Moyer and employed her with a knowing disregard of the rights or safety of

25   others; or

26   3.　　That an officer, a director, or a managing agent of the defendant authorized Ms. Moyer's

27   conduct; or

28

United States District Court

For the Northern District of California

4.      That an officer, a director, or a managing agent of the defendant knew of Ms. Moyer's wrongful conduct and adopted or approved the conduct after it occurred.

        An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decisionmaking such that his or her decisions ultimately determine corporate policy.

Authority:  CACI 3948.

Court Notes:  The Court shall instruct on CACI 3948 instead of CACI 3943 because it has approved a limited bifurcation of trial.

**INSTRUCTION NO. ____**

**DAMAGES – PUNITIVE DAMAGES FOR VIOLATIONS OF STATE LAW (FEHA AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - AMOUNT OF PUNITIVE DAMAGES**

You must now decide the amount, if any, that you should award the plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

a.    How reprehensible was the defendant's conduct? In deciding how reprehensible the defendant's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether the defendant disregarded the health or safety of others;

3.    Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of her;

4.    Whether the defendant's conduct involved a pattern or practice; and

5.    Whether the defendant acted with trickery or deceit.

b.    Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm or between the amount of punitive damages and potential harm to the plaintiff that the defendant knew was likely to occur because of its conduct?

c.    In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because the defendant has substantial financial resources.

Punitive damages may not be used to punish the defendant for the impact of its alleged misconduct on persons other than the plaintiff.

Authority:  CACI 3949.

United States District Court
For the Northern District of California

Court Notes:  See above.  This instruction will be given only if the jury finds in favor of punitive damages.

United States District Court

For the Northern District of California