UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNIE SITTER, | No. C-09-5682 EMC |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF PLAINTIFF'S HUMAN RESOURCES EXPERT JOANNA GROSSMAN** |
| ASCENT HEALTHCARE SOLUTIONS, INC., | |
| Defendant. | **(Docket No. 81)** |

_____/

Defendant moved to exclude certain testimony to be provided by Plaintiff's human resources expert Joanna Grossman. The Court held a hearing on the motion on July 7, 2011, after which it granted in part and denied in part Defendant's motion. More specifically, the motion was granted only to the extent that Professor Grossman shall not be permitted to provide the *ultimate* opinion that Defendant failed to provide protection against retaliation (Opinion #6) as this invades the province of the jury given the specific cause of action for failure to prevent retaliation. In all other respects, the motion was denied.

This order supplements the Court's ruling at the hearing. In addition to the reasons articulated at the hearing, the Court notes the following.

First, the extent Defendant argues that Professor Goodman's testimony is unreliable because she did not rely on any legal authority, that argument is not persuasive. In fact, if Professor Goodman had done so, then she would essentially be providing legal opinions. Professor Goodman has sufficient experience to opine about human resources practices.

Second, to the extent Defendant contends that certain parts of Professor Goodman's testimony exceed the permissible scope of expert testimony, that contention is, for the most part, unconvincing. Under Federal Rule of Evidence 704, "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. Accordingly, numerous courts have permitted extensive testimony by human resources experts. *See, e.g.*, *Hernandez v. City of Vancouver*, No. C04-5539 FDB, 2009 U.S. Dist. LEXIS 13020, at *11-12 (W.D. Wash. Feb. 5, 2009) (stating that "Plaintiff's expert may testify about the City's deviation from good human resources practices under Rule 702"; adding that the expert may not testify that "Defendants' failure to comply with good human resources practices is indicative of discrimination" but only because that specific testimony "is unlikely to assist the jury and runs the risk that the jury will pay unwarranted deference to [the expert's] expertise"); *Nieto v. Kapoor*, No. CIV 96-1225 MV/JHG, 1998 U.S. Dist. LEXIS 22490, at *29-31 (D.N.M. Sept. 18, 1998) (allowing human resources expert to testify that "[d]efendants' conduct was deficient compared to societal norms" – *e.g.*, that "[d]efendants both should have investigated [p]laintiffs' allegations and were remiss in not disciplining [d]efendant Kapoor or in not taking corrective action despite the warnings of various employees" – and that "[d]efendants' actions contributed to the creation of a hostile environment and caused the constructive discharge of Plaintiffs, with the caveat that the Court may instruct the jury on the elements of constructive discharge at an appropriate point in [the expert's] testimony").

Consistent with the above cases and as noted at the hearing, Ms. Goodman is permitted to testify about, *e.g.*, best or good practices and insufficiencies. Such testimony may inform what is reasonable and will be subject to cross-examination, expert rebuttal, and argument; further, the Court will instruct the jury on the applicable law. However, she should not expressly opine on ultimate legal question, *e.g.*, whether Defendant's failure to act constituted discrimination, retaliation, or a failure to prevent such.

Third, the cases cited by Defendant are distinguishable. For example, in *Kotla v. Regents of University of California*, 115 Cal. App. 4th 283 (2004), the court held that the expert's opinion did not satisfy the standards laid out in the applicable state rule of evidence not only because the opinion

1 " improperly invaded the province of the jury to draw conclusions from the evidence" but also 2 because "it lacked any reliable foundation in [the expert's] professional experience and expertise." 3 *Id.* at 291. Moreover, in *Kotla*, the jury was given an instruction that essentially gave the expert 4 opinion undue weight, *see id.* at 291 (noting that the instruction compounded the error): "'You are 5 not bound by an opinion. Give each opinion the weight you find it deserves. However, you may not 6 arbitrarily or unreasonably disregard the expert opinion testimony in this case which was 7 uncontradicted. Therefore, unless you find it is not believable, it is conclusive and binding on you." 8 *Id.* at 293 n.4. Finally, in *Kotla*, the expert was testifying essentially about motive (whether the 9 plaintiff's termination was retaliatory), *see id.* at 293 (stating that, "[a]bsent unusual facts, it must be 10 presumed that jurors are capable of deciding a party's motive for themselves without being told by 11 an expert which finding on that issue the evidence supports"), which is not the subject of the expert 12 testimony here. As to motive, there is a much stronger basis for the argument that the subject matter 13 is not beyond the common understanding of the jury.

14 *Miller v. UPS, Inc.*, No. C 03-2405 PJH, 2004 U.S. Dist. LEXIS 15809 (N.D. Cal. Aug. 6, 15 2004), is also distinguishable. There, the court sustained an objection to an expert declaration, 16 apparently agreeing with the defendant that the "declaration is not reliable under *Daubert v. Merrell* 17 *Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as there is no foundation for [the] assertion that 18 UPS's investigation was 'inconsistent with recognized management practices'"; the expert did not 19 "point to any source for these 'practices,' but rather simply asserts in a conclusory fashion that they 20 exist." *Id.* at *47-48.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

Accordingly, for the reasons stated at the July 7, 2011 hearing, supplemented by this Order, Defendant's motion to exclude is granted in part and denied in part.

This order disposes of Docket No. 81.

IT IS SO ORDERED.

Dated: July 8, 2011

_____
EDWARD M. CHEN
United States District Judge