**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT

6              NORTHERN DISTRICT OF CALIFORNIA

7

8   ANNIE SITTER,                                No. C-09-5682 EMC

9              Plaintiff,

                                                **COURT'S PROPOSED JURY**
10        v.                                     **INSTRUCTIONS (JULY 13, 2011)**

11  ASCENT HEALTHCARE SOLUTIONS,
    INC.,
12
              Defendant.
13
    _____/
14

15

16        Attached are the Court's proposed Jury Instructions.  Authority citations shall be removed

17  prior to submission to the jury.

18

19        IT IS SO ORDERED.

20

21  Dated:  July 13, 2011

22

23                                       _____
                                         EDWARD M. CHEN
24                                       United States District Judge

25

26

27

28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 1**

**DUTY OF JURY**

Members of the Jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.1C.

**INSTRUCTION NO. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 3**

**BURDEN OF PROOF** – **CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

In this case, the clear-and-convincing burden of proof is applicable only with respect to Instruction No. 39 on punitive damages.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.4.

**United States District Court**
For the Northern District of California

4

**INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the lawyers have agreed.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.6.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

**INSTRUCTION NO. 6**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may have been admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.8.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 7**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Authority: Ninth Circuit Model Civil Jury Instruction No. 1.9.

**United States District Court**
For the Northern District of California

8

**INSTRUCTION NO. 8**

**PARTY HAVING POWER TO PRODUCE BETTER EVIDENCE**

You may consider the ability of each party to provide evidence.  If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

Authority:  CACI 203.

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. 9**

2  **FAILURE TO EXPLAIN OR DENY EVIDENCE**

3          You may consider whether a party failed to explain or deny some unfavorable evidence.

4  Failure to explain or to deny unfavorable evidence may suggest that the evidence is true.

5

6  Authority:  CACI 205.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness's testimony;

6.    the reasonableness of the witness's testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.11.

1  **INSTRUCTION NO. 11**

2  **IMPEACHMENT EVIDENCE – WITNESS**

3        The evidence that a witness lied under oath on a prior occasion may be considered, along

4  with all other evidence, in deciding whether or not to believe the witness and how much weight to

5  give to the testimony of the witness and for no other purpose.

6

7  Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.8.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 12**

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 2.11.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 13**

**EXERCISE OF A COMMUNICATION PRIVILEGE**

People have a legal right not to disclose what they told their attorney in confidence because the law considers this information privileged.  People may exercise this privilege freely and without fear of penalty.

You must not use the fact that a witness exercised this privilege to decide whether he or she should be believed.  Indeed, you must not let it affect any of your decisions in this case.

Authority:  CACI 215.

**United States District Court**

For the Northern District of California

14

**INSTRUCTION NO. 14**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 1.10.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. 15**

**CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.1.

**United States District Court**
For the Northern District of California

16

**INSTRUCTION NO. 16**

**AGENT AND PRINCIPAL – DEFINITION**

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services.  The other person is called a principal.  The agency agreement may be oral or written.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.4.

**INSTRUCTION NO. 17**

**AGENT – SCOPE OF AUTHORITY DEFINED**

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.5.

**INSTRUCTION NO. 18**

**ACT OF AGENT IS ACT OF PRINCIPAL – SCOPE OF AUTHORITY NOT IN ISSUE**

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 4.6.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. 19**

**CLAIMS ASSERTED BY PLAINTIFF**

The plaintiff has asserted eleven claims against the defendant.  Most of the claims are claims for employment discrimination.  Employment discrimination can take different forms – *e.g.*, harassment, disparate treatment, disparate impact, and retaliation.

In the instant case, the plaintiff alleges that she was discriminated against on the basis of her sex (*i.e.*, gender) and/or her sexual orientation.  The following are the specific claims that the plaintiff has asserted:

1. Quid-pro-quo sexual harassment.

2. Sexual harassment in the form of a sexually hostile work environment.

3. Failure to prevent sexual harassment.

4. Disparate treatment based on sex and/or sexual orientation.

5. Retaliation.


Authority:  N/A.

**United States District Court**
For the Northern District of California

1 **INSTRUCTION NO. 20**

2 **QUID-PRO-QUO SEXUAL HARASSMENT – ESSENTIAL ELEMENTS**

3    The plaintiff claims that the defendant subjected her to sexual harassment.  To establish this

4 claim, the plaintiff must prove all of the following by a preponderance of the evidence:

5 1.    That the plaintiff was an employee of the defendant;

6 2.    That Marcia Moyer made unwanted sexual advances to the plaintiff or engaged in other

7 unwanted verbal or physical conduct of a sexual nature;

8 3.    That job benefits were conditioned, by words or conduct, on the plaintiff's acceptance of Ms.

9 Moyer's sexual advances or conduct, or that employment decisions affecting the plaintiff were made

10 based on her acceptance or rejection of Ms. Moyer's sexual advances or conduct;

11 4.    That at the time of her conduct Ms. Moyer was a supervisor or agent for the defendant;

12 5.    That the plaintiff was harmed; and

13 6.    That Ms. Moyer's conduct was a substantial factor in causing the plaintiff's harm.

14    The parties have stipulated that Ms. Moyer was a supervisor for the defendant.

15    A substantial factor in causing harm is a factor that a reasonable person would consider to

16 have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be

17 the only cause of the harm.

18    Conduct is not a substantial factor in causing harm if the same harm would have occurred

19 without that conduct.

20

21 Authority:  CACI 2520; CACI 430.

22

23

24

25

26

27

28

**INSTRUCTION NO. 21**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT –**

**ESSENTIAL ELEMENTS**

The plaintiff claims that she was subjected to harassment based on her gender and sexual orientation at the defendant, causing a hostile or abusive work environment.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.      That the plaintiff was an employee of the defendant;

2.      That the plaintiff was subjected to unwanted harassing conduct because she is gay and a woman;

3.      That the harassing conduct was severe or pervasive;

4.      That a reasonable woman or gay person in the plaintiff's circumstances would have considered the work environment to be hostile or abusive;

5.      That the plaintiff considered the work environment to be hostile or abusive;

6.      That a supervisor engaged in the conduct;

7.      That the plaintiff was harmed; and

8.      That the conduct was a substantial factor in causing the plaintiff's harm.

The parties have stipulated that Ms. Moyer was a supervisor for the defendant.

Substantial factor is defined in Instruction No. 20.


Authority:  CACI 2521A.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 22**

**SEXUAL HARASSMENT - SEXUALLY HOSTILE WORK ENVIRONMENT –**

**"HARASSING CONDUCT" EXPLAINED**

Harassing conduct may include any of the following:

a.      Verbal harassment, such as obscene language, demeaning comments, slurs, or threats, or unwelcome sexually oriented conversation, or

b.      Physical harassment, such as unwanted touching, assault, or physical interference with normal work or movement, or

c.      Unwanted sexual advances.


Authority:  CACI 2523.

**INSTRUCTION NO. 23**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT – "SEVERE OR PERVASIVE" EXPLAINED**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances. You may consider any or all of the following:

a.      The nature of the conduct;

b.      How often, and over what period of time, the conduct occurred;

c.      The circumstances under which the conduct occurred;

d.      Whether the conduct was physically threatening or humiliating;

e.      The extent to which the conduct unreasonably interfered with an employee's work performance.

Authority:  CACI 2524.

**INSTRUCTION NO. 24**

**SEXUAL HARASSMENT – SEXUALLY HOSTILE WORK ENVIRONMENT –**

**AFFIRMATIVE DEFENSE – AVOIDABLE CONSEQUENCES DOCTRINE**

The defendant claims that the plaintiff could have avoided some or all of the harm with reasonable effort. To succeed, the defendant must prove all of the following:

1.      That the defendant (Ascent Healthcare Solutions, Inc.) took reasonable steps to prevent and correct workplace sexual harassment;

2.      That the plaintiff unreasonably failed to use the defendant's harassment complaint procedures/the preventive and corrective measures that the defendant provided; and

3.      That the reasonable use of the defendant's procedures would have prevented some or all of the plaintiff's harm.

You should consider the reasonableness of the plaintiff's actions in light of the circumstances facing her at the time, including her ability to report the conduct without facing undue risk, expense, or humiliation.

If you decide that the defendant has proved this claim, you should not include in your award of damages the amount of damages that the plaintiff could have avoided.

Authority:  CACI 2526.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 25**

**FAILURE TO PREVENT SEXUAL HARASSMENT – ESSENTIAL ELEMENTS**

The plaintiff claims that the defendant failed to prevent harassment based on gender.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.       That the plaintiff was an employee of the defendant;

2.       That the plaintiff was subjected to harassing conduct because she is gay and a woman;

3.       That the defendant failed to take reasonable steps to prevent the harassment;

4.       That the plaintiff was harmed; and

5.       That the defendant's failure to take reasonable steps to prevent harassment was a substantial factor in causing the plaintiff's harm.

Substantial factor is defined in Instruction No. 20.

Authority:  CACI 2527.

**United States District Court**
For the Northern District of California

1  **INSTRUCTION NO. 26**

2  **FAILURE TO PREVENT SEXUAL HARASSMENT – REASONABLE STEPS TO**

3  **PREVENT HARASSMENT**

4  Once an employer is informed of the alleged sexual harassment, the employer must take

5  immediate and appropriate corrective action.  They consist in 1) taking temporary steps to deal with

6  the situation while the employer conducts an investigation to determine whether the complaint is

7  justified, and if so justified, 2) implementing permanent remedial steps to prevent future harassment

8  once the investigation is completed.

9  While an investigation is being initiated and conducted the employer must take steps to

10  protect the complaining employee from further harassment even where a complaint is

11  uncorroborated or where the coworker denies the harassment.

12  An employer has wide discretion in choosing how to minimize contact between the two

13  employees, so long as the employer acts to stop the purported harassment.  The reasonableness of

14  any remedy will depend on an employer's ability to stop harassment by the person who engaged in

15  the harassment.

16

17  Authority:  BAJI 12.05.1.

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 27**

**DISPARATE TREATMENT BASED ON SEX OR SEXUAL ORIENTATION – ESSENTIAL ELEMENTS**

The plaintiff claims that the defendant wrongfully discriminated against her.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.     That the defendant was an employer;

2.     That the plaintiff was an employee of the defendant;

3.     That the defendant (through one of its agents) refused to promote the plaintiff;

4.     That the plaintiff's gender or sexual orientation was a motivating reason for the refusal to promote;

5.     That the plaintiff was harmed; and

6.     That the refusal to promote was a substantial factor in causing the plaintiff's harm.

Substantial factor is defined in Instruction No. 20.

Authority:  CACI 2500.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 28**

**RETALIATION – ESSENTIAL ELEMENTS**

The plaintiff claims that the defendant retaliated against her for protesting harassment. To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1.      That the plaintiff complained about Marcia Moyer's harassment;

2.      That the defendant (through one of its agents) took adverse employment action against the plaintiff by issuing two disciplinary letters, delaying and then denying a promotion to territory manager, and then taking plaintiff off company e-mail when she had to take a medical leave, or that the defendant (through one of its agents) engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of the plaintiff's employment;

3.      That the plaintiff's complaints were a motivating reason for the defendant's decisions to issue two disciplinary letters, to delay and deny a promotion to territory manager, and to take the plaintiff off company e-mail when she had to take a medical leave;

4.      That the plaintiff was harmed; and

5.      That the defendant's conduct was a substantial factor in causing the plaintiff's harm.

For this instruction, "adverse employment action" means treatment that materially affects the terms and conditions of employment. An adverse employment action is not limited to "ultimate" employment acts, such as hiring, firing, demotion or failure to promote, but also includes the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or opportunity for career advancement.

Substantial factor is defined in Instruction No. 20.


Authority:  CACI 2505.

29

**INSTRUCTION NO. 29**

**RETALIATION – "MOTIVATING REASON" EXPLAINED**

A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

Authority:  CACI 2507.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

**INSTRUCTION NO. 30**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;
- The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;
- The reasonable value of necessary medical care, treatment, and services received to the present time;
- The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;
- The reasonable value of wages, earning capacity, employment, and employment opportunities lost to the present time;
- The reasonable value of wages, earning capacity, employment, and employment opportunities which with reasonable probability will be lost in the future.

The damages claimed by the plaintiff for the harm caused by the defendant fall into two categories called economic damages and noneconomic damages.  Economic damages include past and future medical expenses, past and future lost earnings, and lost earning capacity.  Noneconomic damages include past and future physical pain, mental suffering, loss of enjoyment of life, stress, anxiety, humiliation, and emotional distress.  You will be asked on the verdict form to state the two categories of damages separately.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority:  Ninth Circuit Model Civil Jury Instruction Nos. 5.1 and 5.2; CACI 3902, 3903A, 3903C, 3903D, and 3905.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 31**

**DAMAGES – AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

The plaintiff is not entitled to damages for any physical or emotional condition that she had before the defendant's conduct occurred.  However, if the plaintiff had a physical or emotional condition that was made worse by the defendant's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

Authority:  CACI 3927.

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 32**

**DAMAGES** – **UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate the plaintiff for all damages caused by the wrongful conduct of the defendant, even if the plaintiff was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Authority:  CACI 3928.

**United States District Court**
For the Northern District of California

1   **INSTRUCTION NO. 33**

2   **DAMAGES – DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASH**

3   **VALUE**

4       Any award for future economic damages must be for the present cash value of those

5   damages.

6       Noneconomic damages such as pain and suffering and disability are not reduced to present

7   cash value.

8       Present cash value means the sum of money needed now, which, when invested at a

9   reasonable rate of return, will pay future damages at the times and in the amounts that you find the

10  damages would have been received.

11      The rate of return to be applied in determining present cash value should be the interest that

12  can reasonably be expected from safe investments that can be made by a person of ordinary

13  prudence, who has ordinary financial experience and skill.  You should also consider decreases in

14  the value of money which may be caused by future inflation.

15

16  Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.4.

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 34**

**DAMAGES – NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.6.

**United States District Court**

For the Northern District of California

**INSTRUCTION NO. 35**

**DAMAGES – DAMAGES ON MULTIPLE LEGAL THEORIES**

The plaintiff seeks damages from the defendant under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

Authority:  CACI 3934.

**INSTRUCTION NO. 36**

**DAMAGES – MITIGATION – GENERALLY**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.   the amount by which damages would have been mitigated.


Authority:  Ninth Circuit Model Civil Jury Instruction No. 5.3.

**INSTRUCTION NO. 37**

**DAMAGES – DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS**

The plaintiff is not entitled to recover damages for economic losses that the defendant proves the plaintiff could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1.      Determine the amount the plaintiff would have earned from the job she held at the time she was injured; and

2.      Subtract the amount the plaintiff earned or could have earned by returning to gainful employment.

The resulting amount is the plaintiff's damages for lost earnings.


Authority:  CACI 3961.

United States District Court

For the Northern District of California

**INSTRUCTION NO. 38**

**DAMAGES – DUTY TO MITIGATE DAMAGES FOR FUTURE LOST EARNINGS**

The plaintiff is not entitled to recover damages for future economic losses that the defendant proves the plaintiff will be able to avoid by returning to gainful employment as soon as it is reasonable for her to do so.

If you decide that the plaintiff will be able to return to work, then you must not award her any damages for the amount she will be able to earn from future gainful employment. To calculate the amount of damages you must:

1.      Determine the amount the plaintiff would have earned from the job she held at the time she was injured; and

2.      Subtract the amount the plaintiff is reasonably able to earn from alternate employment.

The resulting amount is the plaintiff's damages for future lost earnings.

Authority:  CACI 3962.

United States District Court

For the Northern District of California

1    **INSTRUCTION NO. 39**

2    **DAMAGES – PUNITIVE DAMAGES**

3    If you decide that Marcia Moyer's conduct caused the plaintiff harm, you must decide

4    whether that conduct justifies an award of punitive damages against the defendant.  The amount, if

5    any, of punitive damages will be an issue decided later.

6    You may award punitive damages against the defendant for Ms. Moyer's conduct only if the

7    plaintiff proves by clear and convincing evidence that Ms. Moyer engaged in that conduct with

8    malice, oppression, or fraud.

9    "Malice" means that Ms. Moyer acted with intent to cause injury or that Ms. Moyer's

10   conduct was despicable and was done with a willful and knowing disregard of the rights or safety of

11   another. A person acts with knowing disregard when he or she is aware of the probable dangerous

12   consequences of his or her conduct and deliberately fails to avoid those consequences.

13   "Oppression" means that Ms. Moyer's conduct was despicable and subjected the plaintiff to

14   cruel and unjust hardship in knowing disregard of her rights.

15   "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked

16   down on and despised by reasonable people.

17   "Fraud" means that Ms. Moyer intentionally misrepresented or concealed a material fact and

18   did so intending to harm the plaintiff.

19   The plaintiff must also prove one of the following by clear and convincing evidence:

20   1.    That Ms. Moyer was an officer, a director, or a managing agent of the defendant, who was

21   acting on behalf of the defendant; or

22   2.    That an officer, a director, or a managing agent of the defendant had advance knowledge of

23   the unfitness of Ms. Moyer and employed her with a knowing disregard of the rights or safety of

24   others; or

25   3.    That an officer, a director, or a managing agent of the defendant authorized Ms. Moyer's

26   conduct; or

27   4.    That an officer, a director, or a managing agent of the defendant knew of Ms. Moyer's

28   wrongful conduct and adopted or approved the conduct after it occurred.

1         An employee is a "managing agent" if he or she exercises substantial independent authority

2   and judgment in his or her corporate decisionmaking such that his or her decisions ultimately

3   determine corporate policy.

4

5   Authority:  CACI 3948.

**INSTRUCTION NO. 40**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.1.

**United States District Court**
For the Northern District of California

43

**United States District Court**
For the Northern District of California

**INSTRUCTION NO. 41**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.2.

**INSTRUCTION NO. 42**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority:  Ninth Circuit Model Civil Jury Instruction No. 3.3.

United States District Court
For the Northern District of California

**INSTRUCTION NO. 43**

**DAMAGES – PUNITIVE DAMAGES FOR VIOLATIONS OF STATE LAW – AMOUNT OF PUNITIVE DAMAGES**

You must now decide the amount, if any, that you should award the plaintiff in punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

a.    How reprehensible was the defendant's conduct? In deciding how reprehensible the defendant's conduct was, you may consider, among other factors:

1.    Whether the conduct caused physical harm;

2.    Whether the defendant disregarded the health or safety of others;

3.    Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of her;

4.    Whether the defendant's conduct involved a pattern or practice; and

5.    Whether the defendant acted with trickery or deceit.

b.    Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm or between the amount of punitive damages and potential harm to the plaintiff that the defendant knew was likely to occur because of its conduct?

c.    In view of the defendant's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because the defendant has substantial financial resources.

Punitive damages may not be used to punish the defendant for the impact of its alleged misconduct on persons other than the plaintiff.

Authority:  CACI 3949.

Court Notes:  This instruction will be given only if the jury finds in favor of punitive damages.